UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN ARVELO,

      Petitioner,

-vs-                                      Case No.  6:12-cv-1823-Orl-31KRS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

This case is before the Court on the second amended petition for habeas corpus relief filed by Edwin Arvelo pursuant to 28 U.S.C. section 2254 (Doc. No. 11). Respondents filed a response to the second amended petition for writ of habeas corpus (Doc. No. 14), and Petitioner filed a reply (Doc. No. 17) to the response.

Petitioner alleges four claims for relief in his habeas petition:  (1) trial counsel was ineffective for failing to advise him of meritorious defenses to the attempted sexual battery charge; (2) trial counsel was ineffective for failing to advise him of meritorious defenses to the kidnapping charge; (3) trial counsel was ineffective for failing to advise him of meritorious defenses to the attempted first degree murder charge; and (4) trial counsel was ineffective for failing to adequately advise him that his confession was obtained in violation of the Fourteenth Amendment.

## I.     Procedural History

Petitioner was charged by information with kidnapping with intent to commit a felony (count one), attempted sexual battery with a deadly weapon or physical force (count two), aggravated battery causing great bodily harm (count three), and attempted first degree murder (count four).  Petitioner later entered into a plea agreement in which, among other matters, he agreed to enter pleas of nolo contendere to the charges. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of thirty years as to each of counts one and four, with those sentences to run consecutively.  The trial court placed Petitioner on probation for a term of fifteen years as to each of counts two and three, with the terms to run concurrently with each other.

Petitioner then filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which was granted such that Petitioner's sentence was corrected to reflect a total amount of time-served of 241 days.  Petitioner next filed a motion to withdraw his plea, which was denied.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner later filed a Rule 3.850 motion, which the trial court denied.  The state

2

appellate court affirmed the denial *per curiam*.

## II.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III.    *Analysis*

### A.    *Claim One (Procedural Default)*

Petitioner alleges that trial counsel was ineffective for failing to advise him of meritorious defenses to the attempted sexual battery charge.   Petitioner argued in his Rule 3.850 motion that trial counsel was ineffective for failing to object to the factual basis as to the attempted sexual battery charge and for advising Petitioner to enter a

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court.  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

plea to this charge because it violated the prohibition against double jeopardy. Petitioner did not raise the issue of whether counsel was ineffective for failing to advise him of meritorious defenses to the attempted sexual battery charge.

Supreme Court precedent requires that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).   Exhaustion requires that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Id*. at 278.   In other words, the claims presented by the petitioner to the state courts must be the "substantial equivalent" of the claims raised in the federal habeas petition. *Id*.   Claim one was not substantially the same as any claims raised in the state courts. Petitioner presented neither the factual nor legal premises underpinning claim one.

Under the circumstances, Petitioner has procedurally defaulted claim one because Florida's procedural rules now bar him from raising it in the state courts. Although procedural default may bar a petitioner from pursuing his constitutional claims in state court, the claims may be considered in a federal habeas petition if the petitioner qualifies for either of two exceptions. Petitioner may show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   The Court finds that Petitioner has not shown cause and prejudice or that the failure to consider this

claim will result in a fundamental miscarriage of justice sufficient to excuse the default. Thus, this claim is denied.[2]

**B.      *Claim One (Merits), Two and Three***

Petitioner alleges that trial counsel was ineffective for failing to advise him of meritorious defenses to the attempted sexual battery charge (count one), kidnapping charge (claim two), and the attempted first degree murder charge (claim three). Petitioner mentions as defenses to the attempted sexual battery that there was no overt act in furtherance of a sexual battery and his confession would have been inadmissible. Petitioner mentions as defenses to the kidnapping charge that there was no overt act to sustain the underlying felony of attempted sexual battery and that the movement or confinement of the victim was slight.  Petitioner mentions as defenses to the attempted first degree murder charge that he did not go to the parking lot to kill anyone; that he had no weapons or tools to assist in the killing the victim at the time of the incident; and that he only began to strangle the victim because she started to scream.  These claims were raised in Petitioner's Rule 3.850 motion and were denied because Petitioner had waived the right to raise defenses by entering his plea and because he had failed to establish viable defenses.[3]

---

[2]Alternatively, the Court will address the merits of this claim in the next section.

[3]The Court will assume for purposes of this discussion that claim one was raised in Petitioner's Rule 3.850 motion.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In the guilty plea context, to show prejudice under *Strickland,* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Other than Petitioner's own self-serving statement, there is no evidence that his attorney failed to discuss potential defenses with him. Moreover, his assertion is completely contrary to his statements in the plea agreement that he was giving up the right "to present any defense I might have to the jury" and that counsel had explained to him possible defenses to the crimes.  *See* App. F, Plea Agreement.  In addition, at the plea hearing, Petitioner stated that he had discussed his case with counsel, that he was entering his pleas voluntarily, and that he was satisfied with counsel's services.  *See* App. C, Transcript of Plea Hearing at 4.  Petitioner had ample opportunity to complain to the trial court about his counsel's alleged failure to discuss these defenses, but he failed to do so.

In addition, at the hearing on the motion to withdraw plea, Petitioner's counsel stated that Petitioner's concern, with regard to the case, "was not spending the rest of his life in prison."  *See* App. E, Hearing on Motion to Withdraw Plea at 27.  As a result, Petitioner's counsel testified that the strategy for the case involved entering the pleas

7

"with the hopes that after hearing the mitigation that the Judge would give him . . . the bottom of the guidelines or . . . a term of years . . . ."  Petitioner's counsel discussed this strategy with Petitioner, and Petitioner understood the strategy.  *Id*. at 23, 27. Ultimately, the strategy worked because Petitioner was sentenced to imprisonment for a term of years.  Petitioner has failed to demonstrate any basis to second-guess counsel's strategy or that counsel acted deficiently.

Additionally, Petitioner has not shown that he suffered prejudice for any such error because there has been no showing of a reasonable probability that these possible defenses would have succeeded at trial.  In fact, in light of the powerful evidence of Petitioner's guilt, as reflected in the factual basis presented by the State at the plea hearing, and the potential life sentence, it is improbable that Petitioner would have continued with trial but for his counsel's alleged deficiencies.

Under these circumstances, Petitioner has failed to show that the state court's rejection of these ineffective assistance of counsel claims was either contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts. Therefore, claims one, two and three are denied.

## C.    *Claim Four*

Petitioner argues that trial counsel was ineffective for failing to adequately advise him that his confession was obtained in violation of the Fourteenth Amendment. This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner waived the claim by entering his pleas.

Petitioner admitted to the police that he attempted to force the victim into his car "for the purpose of having sex with her but that he panicked when she started to scream and choked her to get her to stop screaming.  And he also wrote a letter of apology to her in the Maitland Police Department."  *See* App. C, Transcript of Plea Hearing at 6.  Aside from vague and conclusory allegations, Petitioner has not demonstrated that his statements to the police were in any manner involuntary or coerced.  Further, Petitioner has offered no evidence to show a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and insisted on going to trial.  *See Hill*, 474 U.S. at 59-60.  Thus, Petitioner has not demonstrated prejudice.

Even if Petitioner's counsel had advised Petitioner regarding the possibility of filing a motion to suppress, Petitioner could have been convicted on the basis of eyewitness testimony and DNA evidence.  The victim positively identified Petitioner as did Mark Gibbon, another eyewitness.  In addition, Petitioner's DNA was under the victim's fingernails.  Consequently, Petitioner has failed to prove that a criminal trial would have resulted in an acquittal or a more favorable sentence.

Petitioner received the benefit of his plea in the form of a sentence lower than that which he could have expected following a trial.  Therefore, he fails to demonstrate that there is any probability that but for counsel's alleged error he would have passed up the state's plea offer and taken his chances at trial.  As such, Petitioner fails to demonstrate prejudice.  Under the circumstances, Petitioner has failed to show that the

state court's rejection of this claim was either contrary to, or an unreasonable application of, Federal law or an unreasonable determination of the facts.[4]  Therefore, claim four is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Second Amended Petition for Writ of Habeas Corpus (Doc. No. 11) filed by Edwin Arvelo is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.    This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[4]Petitioner also makes the cursory claim that counsel's deficient performance resulted in a higher sentence.  The Court finds that Petitioner has failed to show that counsel acted deficiently or that he sustained prejudice, and, therefore, this claim is without merit.

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 4th day of

March, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/4
Counsel of Record

---

state the specific issue or issues that satisfy the showing required by 28
U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal
the denial but may seek a certificate from the court of appeals under
Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial
does not extend the time to appeal.